HB8AGARCps

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                        10-cr-367 (KBF)

5   JOHNNY NUNEZ GARCIA,

6              Defendant.

7   ------------------------------x

8                                        New York, N.Y.
                                         November 8, 2017
9                                        9:50 a.m.

10

    Before:
11
                    HON. KATHERINE B. FORREST
12
                                       District Judge
13

14                          APPEARANCES

15  JOON H. KIM
         Acting United States Attorney for the
16       Southern District of New York
    BY:  ALINE FLODR, ESQ.
17       MICHAEL FERRARA, ESQ.
         Assistant United States Attorneys
18
    ANDREW FRISCH, ESQ.
19       Attorney for Defendant

20

    Also Present:  Dagoberto Orrantia
21                  David Mintz
                    Spanish Interpreter
22
                    Colleen Geier
23                  Paralegal, U.S. Attorney's Office

24

25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

HB8AGARCps

1           (In open court)

2           THE CLERK:  In the matter United States of America v.

3    Johnny Nuñez Garcia, 10-cr-367.

4           Counsel, please state your names for the record.

5           MS. FLODR:  Good morning, your Honor.  Aline Flodr and

6    Michael Ferrara on behalf of the United States.  And also at

7    counsel table is Colleen Geier.

8           MR. FERRARA:  Good morning.

9           THE COURT:  Good morning.

10          MR. FRISCH:  Good morning, Judge.  For Mr. Garcia,

11   Andrew Frisch.

12          THE COURT:  All right.  Good morning, Mr. Frisch.

13          And the Court notes that Mr. Garcia is here and

14   present in the courtroom.  Good morning.

15          THE DEFENDANT:  Good morning.

16          MR. FRISCH:  If I could speak for the record,

17   Mr. Garcia advises me that English is fine.  He speaks English

18   well.  I have been able to communicate with him, with the

19   interpreter being here just in case as a help.

20          THE COURT:  Thank you.

21          So let me just see.  Mr. Garcia, he has, I see, the

22   equipment in his hand.  And when he needs to, you can listen to

23   it as much as needed.  It's important that you hear and

24   understand everything.

25          MR. FRISCH:  Your Honor, Mr. Garcia has asked if it's

1    possible for his sister, who is in the audience, to be given a

2    set of headphones so she can follow along.

3            THE COURT:  Yes.  If we have an extra set, that's not

4    a problem.

5            All right.  So I see the interpreter is giving a set

6    to his sister.

7            OK, folks.  So let's get ourselves oriented here.  We

8    are here on the petition under 2255 by Mr. Garcia.  I have set

9    this down for a hearing on one issue, which is whether a notice

10   of appeal, whether Mr. Garcia had asked for a notice of appeal

11   to have been filed.  But in preparing for this hearing, I now

12   think we might more appropriately go in another direction.

13           I will give you some background on how I got here,

14   which is that I attended a Bureau of Prisons session here in

15   the courthouse that was run really for probation last week --

16   about a week ago, Joe, right?  No, a week ago exactly.

17           At that session, the Bureau of Prisons spent some

18   time -- these were individuals who do computation -- on

19   5G1.3(b), and went through this in some detail.  And frankly I

20   learned things during that session and it made clearer to me

21   how to handle certain things under 5G1.3(b).

22           In preparing for this hearing, I noted that

23   Mr. Di Chiara, who was Mr. Garcia's attorney at the time of the

24   resentencing, had explicitly raised 5G1.3 as an issue that

25   needed to be addressed in the judgment.  And we had some very

1    brief back-and-forth at the sentencing.  I then had the

2    government and defense counsel confer, and I got some language

3    for that issue.  However, I neglected a very important piece of

4    it, and this is a clerical omission but an important one, which

5    is, under 5G1.3(b), as I believe Mr. Di Chiara had indicated on

6    the transcript, the sentence needed to explicitly state that it

7    be concurrent with the state sentence.  That's mandatory, when

8    it's related conduct.  And as we know, to sort of go back in

9    time, the defendant, Mr. Garcia, been arrested by the state in

10   January of 2010.  He then was convicted of a firearm charge in

11   July of 2010.  Meanwhile, he was brought into federal custody

12   by a writ in May of 2010.

13          Now, we did take care of the 5G1.3 reduction for the

14   time served between the initial arrest and the conviction by

15   the federal court in 2013 in the J&C.  We reduced his sentence

16   by 27 months.  And that was appropriate.  However, what I did

17   not do, although it should have been done and was intended to

18   have been done, was to explicitly state that the remainder of

19   the sentence, which is some period of time that will be

20   calculated by the BOP but it could be in the vicinity of,

21   again, two years, that that must run concurrent.

22          The failure to do that, I now understand better from

23   the BOP, will result in it being consecutive.  So an inability

24   to actually fix that in any other way would prejudice

25   Mr. Garcia.  It is mandatory that that occur, in the sense that

HB8AGARCps

1     5G1.3 is a mandatory provision; it requires reduction under

2     5G1.3(b).  It also requires a concurrent state sentence, if

3     it's related to the federal conviction, and, here, we have that

4     overlap.

5             So I believe that the appropriate thing to do right

6     now is to simply state -- to reissue, under Fed.R.Crim.P. 36, a

7     new J&C, which will state explicitly Count One is 120, Count

8     Two is the reduced amount -- I've got it all set out -- and

9     that it's to run 97 months for Count Two, and that the sentence

10    should run concurrent with the undischarged remainder of the

11    state sentence, because otherwise, as I now have an appeal, he

12    will not go to the transcript.  And Mr. Di Chiara was quite --

13    was explicit, I think, in the 5G1.3 meeting, to be taken into

14    account, and that was certainly everyone's intent.

15            So what I would propose to do is to do a revised J&C,

16    under Rule 36.  That will then trigger a new notice of appeal.

17    Mr. Frisch, I suggest that you confer and get that filed today,

18    if that's what the defendant still would like to do, but I

19    think that would actually take care of this issue.

20            I frankly don't think any of the bases of appeal were

21    particularly strong.  I don't want to indicate in any way, at

22    all, that I think that there was any issue that was going to be

23    successful for Mr. Garcia on appeal.  However, if he would like

24    to file a notice of appeal, he could do so.

25            I will also say, this will not change anything at all

HB8AGARCps

1    about what I'm about to do, but the letter that was handed up,

2    that was handed in, is odd.  It seems to be conveniently worded

3    to suggest issues that one wouldn't prospectively have

4    anticipated.  But let's put that to the side.

5            Do you folks agree that this omission under Rule 36

6    should be taken care of in the manner that I have suggested,

7    retriggering the right to appeal?  Let me talk to the

8    government.  Ms. Flodr?

9            MS. FLODR:  Yes, your Honor.  Based on what you have

10   explained to us, we think that that's the appropriate way to

11   go.

12           THE COURT:  All right.  Mr. Frisch?

13           MR. FRISCH:  It makes sense to me, Judge, yes.

14           THE COURT:  All right.  So let's do that.  What I will

15   do is be crystal clear.  This could save the defendant,

16   depending on how the BOP -- I don't know how they have

17   calculated the time, but it could save a substantial chunk of

18   time if they've done a consecutive sentence.  Let's do that.

19           That then moots the current petition, because it will

20   be a brand-new J&C, which is the result that was effectively

21   sought and would have been obtained in the first place.  That

22   was the only issue that was live.

23           So I don't know that there is anything else to do

24   today.  I will issue this today.  And we can proceed to papers.

25           Mr. Di Chiara, I don't think there's any more need for

HB8AGARCps

1    you to have to be here.

2              MR. DI CHIARA:  Thank you, Judge.

3              THE COURT:  All right.  Thank you, sir.

4              Anything further?

5              MS. FLODR:  Nothing from the government, your Honor.

6              MR. FRISCH:  No, your Honor.  It is my intention,

7    based on Mr. Garcia's instructions, to file a notice of appeal,

8    based on the protocol your Honor announced today.

9              THE COURT:  All right.  Thank you, Mr. Frisch.

10             We're adjourned.

11                              O0O

12

13

14

15

16

17

18

19

20

21

22

23

24

25