**MANDATE**

17-3715
*United States v. Nunez Garcia*

1:10-cr-00367-VEC-4

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand nineteen.

PRESENT:   JOSÉ A. CABRANES,
            RICHARD C. WESLEY,
                    *Circuit Judges.*[*]

_____

UNITED STATES OF AMERICA,

                    *Appellee,*                    17-3715

                    v.

JOHNNY NUNEZ GARCIA,

                    *Defendant-Appellant.*[†]

_____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Feb 25 2019

[*] Judge Debra Ann Livingston, originally assigned to the panel, was recused from consideration of this matter. The two remaining members of the panel, who are in agreement, have decided this case in accordance with Second Circuit Internal Operating Procedure E(b). *See* 28 U.S.C. § 46(d); *cf. United States v. Desimone*, 140 F.3d 457, 458 (2d Cir. 1998).

[†] The Clerk of Court is directed to amend the caption as set out above.

1

MANDATE ISSUED ON 02/25/2019

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Andrew J. Frisch, New York, NY. |
| **FOR APPELLEE:** | Michael Ferrara and Anna M Skotko, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney, Southern District of New York, New York, NY. |

Appeal from a November 8, 2017 amended judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Johnny Nunez Garcia ("Nunez Garcia") appeals from an amended judgment of conviction in which he was resentenced to 217 months imprisonment for conspiracy to distribute crack cocaine and the use of a firearm in furtherance of that conspiracy. Nunez Garcia challenges his new sentence as substantially and procedurally improper. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On January 24, 2012, a jury found Nunez Garcia guilty on two counts: (1) conspiracy to distribute and possess with intent to distribute at least 280 grams of crack cocaine, and (2) use of a firearm in furtherance of that conspiracy. On January 10, 2013, Judge Thomas P. Griesa sentenced Nunez Garcia to the mandatory minimum of 120 months for the first count, and an additional 120 months—which he believed to be the mandatory minimum based on his finding that Nunez Garcia had discharged the weapon—for the second count. At sentencing, Judge Griesa placed special emphasis on Nunez Garcia's "horrendous upbringing." App'x 105, 125. Judge Griesa explained that while he had determined the applicable (advisory) Guidelines range to be life imprisonment, such a sentence would be unjust. App'x 75, 77. By contrast, he deemed the 240-month mandatory minimum "just" and "appropriate." App'x 77.

On June 17, 2013, the Supreme Court held in *Alleyne v. United States*, 570 U.S. 99 (2013) that any fact that increases the mandatory minimum of a sentence is an "element" that must be submitted to the jury. *Id.* at 117. The Government then conceded error in Nunez Garcia's sentencing and consented to a remand for resentencing, with the mandatory minimum on the gun charge (*i.e.,* Count 2) now reduced to 60 months. On remand, the case was transferred to Judge Forrest, who again sentenced Nunez Garcia to 120 months for each of the two charges, but with credit for 23 months served in state custody for related conduct. This appeal followed. We affirm.

Case 17-3713, Document 60, 02/25/2019, 2504745, Page3 of 4

"We review a sentence for procedural and substantive reasonableness under a deferential abuse-of-discretion standard." *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017) (internal quotation marks omitted). We find a sentence to be procedurally unreasonable only where the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted). We will vacate a sentence as substantively unreasonable only in "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). Generally, we only find substantive unreasonableness when a sentence is "shockingly high, shockingly low, or otherwise . . . would damage the administration of justice." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks omitted).

Nunez Garcia's principal argument on appeal is that the Government had waived any reliance on, and that Judge Forrest should therefore not have considered, a December 2012 prison discipline incident. Nunez Garcia argues that the Government waived the issue by not raising it at the first sentencing before Judge Griesa. Nunez Garcia relies on our holding in *Quintieri*, where we explained that "the law of the case ordinarily prohibits a party, upon resentencing or an appeal from that resentencing, from raising issues that he or she waived by not litigating them at the time of the initial sentencing." *United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002). Nunez Garcia explains that because the December 2012 disciplinary incident occurred before his initial sentencing (in January 2013), and because the Government did not raise the infraction before Judge Griesa—or even mention it in the presentence report—the issue was waived and should not have been considered by Judge Forrest.

We disagree. As we have explained, "[a] sentencing authority may justify an increased sentence by affirmatively identifying relevant *conduct or events* that occurred subsequent to the original sentencing proceeding." *United States v. Bryce,* 287 F.3d 249, 257 (2d Cir. 2002) (emphasis in original). Importantly, such "subsequent actions or events . . . need not be actions undertaken by the defendant," and may include new evidence of previously unproven bad behavior. *Id.* ("[a]s a result of a new witness coming forward after the original sentencing proceeding, the government was able to elicit information implicating the defendant."). Here, Judge Forrest noted explicitly that while the disciplinary incident may have occurred before the initial sentencing, it was "not confirmed and verified until post sentencing." App'x 130. Such confirmation is precisely the sort of subsequent event that may be considered during a resentencing.

Nunez Garcia also argues that his sentence is substantively unreasonable in light of "all the mitigating circumstances." Br. Appellant 8. We note, however, that Judge Forrest properly considered these circumstances, including Nunez Garcia's "horrendous upbringing." App'x 125. On

reviewing the record as a whole—including the multiple shootings in which Nunez Garcia was involved, App'x 128—we conclude that Nunez Garcia's sentence falls "within the range of permissible decisions." *Cavera*, 550 F.3d at 189.

## CONCLUSION

We have reviewed all of the arguments raised by Nunez Garcia on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the November 8, 2017 amended judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4